UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

IN RE the Bankruptcy of							Case No.  15-22937
ROGER PETER RINALDI and
DESA LILLY RINALDI,
     Debtors

---

NOTICE OF MOTION AND MOTION TO APPROVE SALE OF DEBTOR'S HOMESTEAD PURSUANT TO 11 U.S.C. SEC. 363(f) (5) FREE AND CLEAR OF ALL LIENS TO JAMES AND JULIE ANDERSON AND FOR APPROVAL OF CLOSING COSTS AND PROFESSIONAL FEES

---

     **PLEASE TAKE NOTICE** that Roger Peter Rinaldi and Desa Lilly Rinaldi will bring their Motion for Court Approval of the Sale of their Homestead free and clear of all liens to James and Julie Anderson before the Honorable Margaret McGarity, Judge of the United States Bankruptcy Court for the Eastern District of Wisconsin at the United States Courthouse, Courtroom 150, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202 on August 20, 2015 at 10:30, or as soon thereafter as counsel may be heard.

     **OBJECTIONS.**  Seven (7) days prior to the hearing on this Motion, any party that objects to this Motion to Sell must file a written objection with the Bankruptcy Court, at 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202; with the United States Trustee at the Office of the United States Trustee, 517 East Wisconsin Avenue, Suite 430, Milwaukee, Wisconsin 53202; the Mary B. Grossman, Standing Chapter 13 Trustee for the Eastern District of Wisconsin at P.O. Box 510920, Milwaukee, Wisconsin 53203 and with the attorney for the Rinaldis, Attorney Wendy Alison Nora, 310 Fourth Ave. S., Suite 5010, Minneapolis, Minnesota 55415 by depositing the same in the United States mail, postage pre-paid, or by filing the Objection via CM/ECF.

Dated at Minneapolis, Minnesota this 30th  day of July,  2015.

                                              */s/ Wendy Alison Nora*

                                       Wendy Alison Nora
                                     ACCESS LEGAL SERVICES
                          310 Fourth Avenue South, Suite 5010
                                Minneapolis, Minnesota 55415
                                  Telephone: (612) 333-4144
                                  Facsimile: (612) 206-3170
                       E-mail: accesslegalservices@gmail.com

**NOW COME** Roger Peter Rinaldi and Desa Lilly Rinaldi, by their attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, and respectfully submits this Motion for an order pursuant to 11 U.S.C. §§ 105(a), 363, 1302, and Fed. R. Bankr. P. 2002, and 6004 to approve the sale of property. In support of this Motion, the Rinaldis state:

**A. BACKGROUND**

1. **Petition Date.** The Rinaldis filed a petition under Chapter 13 of the Bankruptcy Code on March 27, 2015.

2. **Description of the asset.** An asset of the bankruptcy estate is real property commonly described as 22311 121st Street, Bristol, Wisconsin, more particularly described as

Lot 2 in Block 3 of Lake Shangri-La Woodlands, being part of the West Half (W ½) of the of the Northeast Quarter (NE 1/4) and part of the Southeast Quarter (1/4) Northeast Quarter (NE 1/4) of Section 36, Town 1 North, Range 20 East of the Fourth Principal Meridian, lying and being in the Town of Salem, County Of Kenosha, and State of Wisconsin

which consists of less than .5 acres of land, and which includes the
following improvements and/or additional structures: a single family dwelling (the "Property").

3. **Title.** The Rinaldis are joint tenants in title to the Homestead, as marital property with right of survivorship.

4. **Valuation.** As of the Petition Date, the Debtor valued the Debtor's interest in Property at $129,200.00, based on the assessed value for real estate tax purposes. The Property was listed for $119,000.00 based on the market analysis of their real estate professional. The Offer to Purchase sets the fair market value, under the marketing conditions at $111,000.00.

5. **Secured claims.** The secured claims against the property are as follows:

| Creditor | Type of Lien | Approximate Balance owed |
|---|---|---|
| Wells Fargo Bank, N.A. | Mortgage granted on June 10, 2005 | Unknown[1] |

---

[1] This entity may have repurchased the loan on the Property and is believed to be the holder of the Note issued by Roger Peter Rinaldi on June 10, 2005.

| | | |
|---|---|---|
| HSBC Bank USA, N.A., as Trustee | Unrecorded Assignment of Mortgage dated September 14, 2005 | Unknown[2] |
| HSBC Bank USA, N.A., as Trustee for the Wells Fargo Securities Corporation Home Equity Asset-Backed Certificates, Series 2005-2[4], | Assignment of Mortgage Executed on March 1, 2010 and recorded on April 5, 2010 | $0.00[3] |
| HSBC Bank USA, N.A, as Trustee for the Wells Fargo Home Equity Asset-Backed Securities Trust 2005-2 Trust, Home Equity Asset-Backed Certificates, Series 2005-2[6], | Assignment of Mortgage Executed on October 31, 2011 and recorded on November 1, 2011 | $0.00[5] |

---

[2] This entity is not believed to be owed anything on the Property because HSBC Bank USA, N.A. in its capacity as Trustee must the Trustee of an identified Trust.

[3] This entity does not exist and, therefore, cannot be owed anything on the Property.

[4] The now-vacated foreclosure action in Kenosha County Circuit Court Case No. 09-CV-353 was filed in the name of this nonexistent entity as "Plaintiff" and the Kennerty-Delhey Assignment of Mortgage was created, executed and recorded in the name of this entity. The Assignment of Mortgage must be satisfied.

[5] This entity does not exist and, therefore, cannot be owed anything on the Property.

[6] Proof of Claim #6 in the Rinaldis' previous bankruptcy Case No. 11-35689 was filed in the name of this nonexistent entity and the second Assignment of Mortgage recorded with the Kenosha County Register of Deeds was created, executed and recorded in this name. This Assignment of Mortgage must be satisfied. Proof of Claim #2 in the Rinaldis' current bankruptcy Case No. 15-22937 is also filed in the name of this nonexistent entity.

3

| | | |
|---|---|---|
| HSBC Bank USA, N.A., as Trustee for the Wells Fargo Home Equity Asset-Backed Securities Trust 2005-2[8] | Unrecorded Mortgage by possible equitable assignment, if value was give for the Note and corresponding security interest, if Note is in the possession of this entity and if there are payments due to this entity | Unknown[7] |
| Wells Fargo Asset Securities Corporation | The depositor to the Wells Fargo Home Equity Asset-Backed Securities Trust 2005-2 which reported its ownership of the subject Note and Mortgage to the Securities and Exchange Commission | Unknown[9] |
| Unidentified holder(s) of the Note issued by Roger Peter Rinaldi on June 10, 2005 | This entity (or these entities) might be entitled to equitable assignment of the Mortgage, if value was given for the security interest, if it is in possession of the instruments and would be entitled to receive the payments or performance, is any are owed | Unknown[10] |

6. **Tax consequences.** The Rinaldis are insolvent and no debt forgiveness income should arise from the sale proposed herein.

7. **Professional Services**. Before the filing of this motion, the Rinaldis employed a realtor to

---

[7] The amount owed on the Note issued on June 10, 2005 is believed to have been paid in full by credit default swaps and other credit enhancements. The Loan Modification Agreement is nevertheless accumulating interest, although the Loan Modification Agreement was never executed by mortgagor Desa Rinaldi or returned to Roger Rinaldi by mail in order for it to become effective by its terms.

[8] By Notice of Appearance in Adv. No. 15-ap-2186 (Doc. 5), Attorney Stephanie Dykeman appeared on behalf of this entity on June 4, 2015.

[9] The transfer of the Note and Mortgage from the Seller to the Depositor to the Trust may have occurred, in which case, the Depositor would no longer have an interest in the Note or the associated right to attachment and enforcement under Wis. Stats. sec. 409.203.

[10] These entities must be forever precluded from making a claim against the security interest in the Rinaldis' Homestead upon payment of the proceeds of the Sale to Wells Fargo Bank, N.A. and the return of the Note upon payment is required to preclude future claims against the Andersons.

4

market the Property for sale.  In conjunction herewith, the Rinaldis are filing a motion to approve that employment. The Property has been listed by the realtor to the general public for a period of since April 22, 2015. (See Exhibit A attached to the Motion for Approval of Professional Fees concurrently served herewith.)

**B. THE SALE**

8**. Terms.** The Rinaldis propose to sell the Property for $111,000.00 to James and Julie Anderson, (the "Buyers"), who have submitted an earnest money deposit for the purchase of the property in the amount of $1,000.00. The closing date for the sale of the Property was set for July 23, 2015, but closing is presenting being reset for September 24, 2015 an Amendment which is in process.  The Rinaldis believe that the sales price is fair and reasonable considering the following factors:

  a.  The Kenosha County real estate tax assessment;
  b.  The market analysis and the listing price for the property;
  c.  The property has been listed for sale with the general public;
  d.  A willing buyer has made a good faith offer;
  e.  The title issues which must be resolved by court action;
  f.   The need for court approval of the Sale; and
  g.  The delays in the closing of Sale due to factors e. and f.

The two (2) last factors demonstrate that the sale of the property for the tax assessed value or the full listed price as estimated values do not establish fair market value.  Fair market value is the price a willing buyer would pay to a willing seller, which is established by the accepted Offer to Purchase.

9.  **Arms Length Transaction.** The Buyer is not an insider of the Debtor, and the sale represents an arms-length transaction between the parties, made without fraud, collusion, and no attempt has been made by either party to take any unfair advantage of the other The Buyer is purchasing the Property in good faith pursuant to 11 U.S.C. §363(m).

10. **Distribution of Sale Proceeds.**  From the sale proceeds, the Rinaldis propose to pay the costs of the sale, including real estate commissions and prorated real estate taxes. In addition, the Rinaldis propose to pay all creditors that have an undisputed secured interest in the property, in order of priority, as of the date of closing. The Rinaldis estimate that, after the payment of the costs of sale, satisfaction of secured liens, approximately $0.00 in net proceeds will be realized from the sale. The Debtor is entitled to an exemption in the amount of $0.00 from the net proceeds realized from the sale of the Property pursuant to 11 U.S.C. sec. 522(d)(1).  For this reason, the sale is in the best interest of the debtor, the estate, creditors, and other parties in interest and should be approved.

11. **Satisfaction by Payment of Money.** The sale of the Property is being made free and clear of any interest in the Property held by an entity other than the estate pursuant to 11 U.S.C. §

363(f)(5) because such entity could be compelled, in a legal or equitable proceedings, to accept a money satisfaction of such interest.

12. **Interests of Co-Owners**. 11 U.S.C.§ 363(h) does not apply because there are no co-owners who are not voluntarily moving for approval of the Sale.

**C. OBJECTION. Notice and Service.**

13. **Notice.** Any party that objects to this Motion to Sell must file a written objection with the Bankruptcy Court not less than 7 days before the hearing scheduled for August 20, 2015 as set forth in the foregoing Notice.

14**. Service.** Service has been made by CM/ECF for entities capable of service by CM/ECF and by United States mail  21 days before the date of the scheduled hearing. Written objections must be filed 7 days before the date set for hearing.  The written objection shall set out the specific grounds for objection.

15. **No Objections.**  In the absence of a timely filed objection to this Motion to Sell, the court may enter an order approving this Motion to Sell without further notice or hearing.

**WHEREFORE**, the Rinaldis request:

That the Court enter an Order, in the absence of any timely filed objection to the sale motion, which:

1. Approves the sale of the Property pursuant to 11 U.S.C. § 363(f)(5);

2. Declares that all liens against the Property attach to the proceeds of the sale;

3. Approves the payment of sale proceeds as set forth below:

    a.   To the costs of sale, including compensation for the professionals, concurrently sought, and
    b.  Directs that the balance of the proceeds of the sale be paid in trust to Attorney Stephanie Dykeman of LICHTFIED CAVO, LLP, attorney for all named parties in the adversary proceeding in WIEB Case No. 15-2186, for payment  to Wells Fargo Bank, N.A., as servicer for HSBC Bank USA, as Trustee for the Wells Fargo Asset-Backed Securities Trust 2005-2 for distribution among all parties named in the Adversary Proceeding in this action her clients in the adversary proceedings, their affiliates, successors and assigns, and all parties claiming through them;

4.  Declares all claims against the Property satisfied now and forever; and

5.  Requires the original Note to be returned to Roger Rinaldi marked CANCELLED or  PAID;

6. Waives the 10-day stay of the order approving the sale under Fed. R. Bankr. P. 6004(h);

7. Requires counsel for the Rinaldis to file a final report of sale with the Court in accordance with Fed. R. Bankr. P. 6004(f).

8. Granting such other relief that the court deems just and proper.

Dated at Minneapolis, Minnesota this 30th day of July, 2015.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone: (612) 333-4144
Facsimile: (612) 206-3170
E-mail: accesslegalservices@gmail.com

**DECLARATION OF SERVICE**

The undersigned hereby certifies that the above-referenced Motion was served on the parties that receive electronic notification in these proceedings. The Motion was also served via U.S. Mail, postage prepaid, on all creditors at the addresses set forth below on July 30, 2015:

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora

| | | |
|---|---|---|
| GRAY & ASSOCIATES, LLP<br>16345 West Glendale Drive<br>New Berlin, Wisconsin 53151 | ACI<br>35A Rust Lane<br>Boerne, TX 78006 | Aurora Medical Center Kenosha<br>10400 75th Street<br>Kenosha, WI 53142 |
| Attorneys Brian Nowicki &<br>Joshua Taggatz<br>REINHART, BOERNER &<br>VAN DEUREN, S.C.<br>22 E Mifflin Street, Suite 600<br>Madison, Wisconsin 53703 | AMC Kenosha<br>Aurora Health Care<br>P.O. Box 341700<br>Milwaukee, WI 53234-1700<br><br>American Honda Finance<br>2170 Point Blvd Ste. 100<br>Elgin, IL 60123 | Aurora Medical Group<br>9200 W. Loomis Road #116<br>Franklin, WI 53132<br><br>Childrens Service Society<br>PO Box 78704<br>Milwaukee, WI 53278 |
| Attorney Noah Fiedler<br>HINSHAW &<br>CULBERTSON, LLP<br>100 East Wisconsin Avenue,<br>Suite 2600<br>Milwaukee, Wisconsin 53202 | Americollect<br>1851 S. Alverno Rd.<br>Manitowoc, WI 54220 | Citi Financial One Main<br>PO Box 70912<br>Charlotte, NC 28272 |

7

Ear Nose Throat Family Clinic
3535 30th Ave.
Kenosha, WI 53144

GE CRB/Walmart
P.O.Box 965024
Orlando, FL 32896-5024

Great Lakes Pathologists, SC
P.O. Box 78420
Milwaukee, WI 53278-0420

HRRG
PO Box 189053
Plantation, FL 33318

HSBC Card Services
P.O. Box 80084
Salinas, CA 93912

Infinity Health Phys. S.C.
PO Box 3261
Milwaukee, WI 53201

Kenosha Radiology Center
10117 74th St., Suite 150
Kenosha, WI 53142

MEA-AEA KENOSHA S.C.
P.O. Box 366
Hinsdale, IL 60522

Medical College Of Wisconsin
10000 Innovation Drive
Milwaukee, WI 53226

NIXON LAW OFFICES
333 Main St.
Racine, WI 53403-1057

OAC
PO Box 371100
Milwaukee, WI 53237

Quest Diagnostics
PO Box 7306
Hollister, MO 65673

State Collection Service
2509 S. Stoughton Rd.
Madison, WI 53716

Town Of Salem Utility District
PO Box 673113
Chicago, IL 60695-3113

TRIAD Guarantee
101 S. Stratford Rd.
Winston-Salem, NC 27104

United Credit Service
15 N Lincoln St.
Elkhorn, WI 53121

Wheaton Franciscan Healthcare
801 S. 60th St. #150
West Allis, WI 53214